# CHARLESTON.

HAIRSTON *v.* UNITED STATES COAL & COKE COMPANY.

Submitted March 9, 1909.    Decided November 23, 1909.

1. MASTER AND SERVANT—*Injury to Servant—Defective Appliances —Evidence of Repairs.*

   In an action for injury to a servant from defective appliances evidence of the making of repairs or alterations immediately after the occurrance of the injury is not admissible. (p. 325).

2. NEGLIGENCE—*Injuries to Infant—Contributory Negligence— Presumptions.*

   An infant over the age of fourteen years is presumed to have sufficient discretion and understanding to be sensible of danger and to have power to avoid it.  (p. 326).

3. SAME—*Incompetency of Infant—Burden of Proof.*

   As a general rule, after a boy has reached fourteen years of age, courts do not permit juries to presume him incompetent for the duties of a particular employment because of minority alone, and the burden of proof is upon the party alleging incompetency to show it.  (p. 326).

Error to Circuit Court, McDowell County.

Action by Moses Hairston against the United States Coal & Coke Company.  Judgment for plaintiff, and defendant brings error.

*Reversed.*

*Anderson, Strother & Hughes,* for plaintiff in error.

*Arthur G. Froe* and *John H. Wright,* for defendant in error.

BRANNON, JUDGE:

Moses Hairston recovered verdict and judgment against the United States Coal & Coke Company in an action in the circuit court of McDowell county for a personal injury suffered by him from an accident while in the service of that company. His leg was broken while he was on a larry, a kind of car used to haul coal from a coal mine tipple to coke ovens, and from which larry ovens are charged with coal. While on the larry it collided with another larry and broke Hairston's leg. He was nearly sixteen years of age—lacking three months. Hairston complains of defective brakes on the larry. On the trial Hairston gave evidence that the brakes were repaired the same afternoon of the accident, and the defense asked the court to take that evidence from the jury, and the court refused. I need use but a few words as to this point of error. The case of *Lay* v. *Coal & Coke Co.*, 64 W. Va. 288, makes this reversible error.

The court gave an instruction, No. 5:

"It is actionable negligence for an employer to engage and place at a dangerous employment a minor, who, although instructed, lacks sufficient age and capacity to comprehend and avoid the dangers of the employment if the employer has or should have notice of the minor's age and lack of capacity. The employer of a minor without other notice is charged with notice of such lack of capacity as is usual among minors of the same age, so far as the minor's age is or should be known to the employer.

"The burden of proving that a minor employed had greater than the usual capacity of minors of the same age rests upon the employer, and the burden of proving that the minor had less than such usual capacity, rests upon the minor, or the one seeking to recover damages on account of his death or injury."

The first objection is that it asserts in a case where there is no dispute that the plaintiff was nearly sixteen years of age the legal proposition that it is negligence for an employer to engage in a dangerous employment a minor. This is not so. That is not a sound legal proposition. Surely this proposition would damage the plaintiff. And as applied to this case that instruction is erroneous under the case of *Wilkinson* v. *Kanawha Coal & Coke Co.*, 64 W. Va. 93 and *Ewing* v. *Lanark Co.*, 65 W. Va. 726. It

says that an infant, over fourteen years of age, is presumed to have sufficient discretion and understanding to be sensible of danger and to have the power to avoid it.   That courts do not permit juries to presume him  incompetent for the duties of a particular employment because of minority alone, and the burden of proof is upon the infant to show inability  This instruction ignores the presumption of capacity and asserts the presumption of incapacity.   The very reverse of principles stated in that case. Furthermore, it places the burden on the defendant to prove capacity, whereas the case cited says that capacity is presumed, and the burden rests, not on the employer to show capacity, but on the infant to show the opposite.   The instruction is wrong and misleading as applied to this case.

The court gave an instruction, No. 6:

"In determining whether a boy sixteen years of age was guilty of contributory negligence, the jury have the right to take into consideration his age, capacity and experience, and although he may have been guilty of an act which in an adult would have amounted to an assumption of the risk of injury, and a waiver of the duty the master owns him, yet he can not be held to have assumed any such risk or waived any such duty which one of has age, discretion and experience could not fully comprehend and appreciate.

"A minor has the right to rely upon the superior skill and knowledge of the foreman (or boss) having authority over him, and if in obedience to such foreman's directions, he runs into known dangers against which it is the duty of the foreman to warn him, but which duty such foreman fails to perform, he cannot be held to be guilty of contributory negligence, or to have assumed the risk of such dangers."

This instruction speaks of unknown dangers.   What were they as applied to this case?   No evidence shows unknown dangers.   The instruction in that respect is improper in the case. Furthermore, this instruction lays down the principle that the infant may follow the foreman's directions even if to do so makes him encounter danger obvious and avoidable.   It says he can follow the directions of his boss into open hazard and danger, without answering for contributory negligence, simply because he is a minor under twenty-one years.

For these errors we reverse the judgment, set aside the verdict and remand the case for a new trial.

*Reversed.*