ROBERT L. BLAND, Judge.
By agreement of counsel these two cases were heard together on the 31st of July 1942. The claim of Roy C. Babb was originally filed September 13, 1941. The claim of J. J. Rader was originally filed September 22, 1941. Both claims were dismissed from the docket of this court, for failure of prosecution, on the 26th of February 1942, at a special term of the court held in the city of Wheeling, but with the right on *318 the part of claimants to have them reinstated on the docket of the court upon showing satisfactory cause for such reinstatement. An opinion has heretofore been filed in each case.
Both claims were subsequently reinstated on the court docket after the claimants, respectively, had shown satisfactory reasons for their failure to appear and prosecute their said claims.
Both claims grow out of a collision which occurred about noon, on the 27th day of July 1938, in a sharp curve or bend, approximately three hundred feet east of Greenland Gap store, on a state secondary road in Grant county, West Virginia, between a 1934 model Chevrolet one and one-half ton truck driven by Ernest Rotruck, and a light pickup Chevrolet truck owned and driven by claimant J. J. Rader.
D. A. Burt of Wheeling, West Virginia, owns a large estate and maintains a summer home in that section of Grant county, which section is noted for its scenic beauty and attractiveness.
Rotruck was hauling shale or gravel in his truck from Horace Cassel’s place to the Burt estate to be used in road work there. As he drove his truck toward a sharp curve or bend in the road claimant J. J. Rader, driving his mail truck, was approaching the curve or bend from the opposite direction. Barbara Babb, thirteen year old daughter of claimant Roy C. Babb, was a passenger in the Rader mail truck.
At the place of the curve or bend the road was narrow, not more than twelve feet in width. Inside of the curve or bend on the lower or creek side of the road, a stone wall had been constructed from six to twelve feet in height. From this wall there was a gradual slope down to the creek for a distance, according to the evidence, of from forty to seventy-five feet. On the other side of the curve the road abutted on a mountain bank. A culvert used for draining the water from the mountainside had become clogged or stopped up, causing a ditch of from one to two feet deep alongside of the road on the upper *319 or mountain side. Small trees were growing on either side of the road and the branches of these trees extended over the road obscuring vision in the curve. Most of the overhanging brush. was on the lower side next to the steep embankment. Some of it was growing in the right of way.
When Rotruek observed the approach of the car driven by the claimant Rader, the distance between the two cars was not more than eighteen to twenty feet. Rotruek stopped his car. Claimant Rader’s car ran into and collided with the Rotruek vehicle. As a result of the collision the Rader truck was practically demolished. Barbara Babb, daughter of claimant Roy C. Babb, was thrown forward and her face struck the front of the cab. Four of her upper front teeth were knocked out, her mouth badly lacerated and her knee slightly cut. She was removed to the Potomac Valley hospital at Keyser where she was given tetanus serum and her lip was sewed while she was under the influence of ether.
On account of the injuries sustained by the Babb child by reason of the accident it is shown by the evidence that her father, Roy C. Babb, has paid and incurred the following sums of money:
Expenses paid:
Hospital .-.-.$49.00
Nurse at hospital ___-. 10.00
Dentist, for services and temporary plate . 103.00
Expenses to be paid:
Dentist, for permanent plate. 95.00
Total .. ...$257.00
Said claimant Roy C. Babb seeks an award of $257.00. No other or further claim is made on behalf of his daughter.
The mail pickup truck of claimant J. J. Rader was practically demolished. He seeks an award in the sum of $118.91, which sum is shown by the evidence to have been paid by him to Ludrick’s garage, at Keyser, West Virginia.
*320 Trooper E. R. Turner made an investigation of the circumstances attending the accident and submitted his report to the department of public safety, which report was introduced as a part of the evidence upon the hearing of the claims. He also testified before the court. He described very clearly the defective condition of the road at the place of the accident. He said that vision was obscured in the curve by trees overhanging the road. According to measurement made by him the road in the curve was only twelve feet in width. He emphasized the fact that on the embankment side of the curve the branches from small growing trees overhung the road about three or four feet and obscured vision, so that cars approaching would not have a view of each other until they were within approximately eight or ten feet. Other testimony showed that brush was actually growing on the right-of-way of the road. The evidence makes it very clear that the road was undoubtedly out of repair at the point of the curve and dangerous to the safety of persons using it.
Adult persons familiar with the road at the point of the curve would be charged with the exercise of precaution and care for personal safety in traveling thereon. According to her own admission the Babb child had traveled occasionally with claimant Rader in his mail truck to Keyser, passed the curve in the road and knew of the overhanging brush at that point. She cannot, however, be chargeable with contributory negligence. She is shown to have been thirteen years of age at the time -of the accident. An infant over the age of fourteen years is presumed to have sufficient discretion and understanding to be sensible of danger and to have power to avoid it. Hairston v. United States Coal & Coke Company, 66 W. Va. 324. The rule is otherwise where the infant is under fourteen years of age. Ewing v. Lanark Fuel Company, 65 W. Va. 726.
It is obvious to the court from the evidence in these two cases that the road was out of repair at the sharp curve or bend where the accident occurred. It was clearly the duty of the road commission to have made the road safe for travel around this dangerous curve, and its failure to do so was an omission *321 of that duty. Under the particular facts disclosed by the record in these cases it was negligence on the part of the road’commission not to have caused the overhanging brush over the road in the curve to be removed. The existence of growing trees with their branches extending four or five feet on either side of the road at this particularly dangerous point was a menace to the safety of persons traveling on the road. The explanation for the failure of the road commission to rempve this menace to the safety of travel on the road may perhaps be found in the evidence given upon the investigation of the claim by A. N. Clower, supervisor of roads for Grant county at the time of the accident. When asked if complaint had been made to him about the condition of the road at the point of the curve he said he might have told claimant Roy C. Babb that Mr. Burt objected to anything being done that would mar the scenery.
We think that upon the showing made by the record claimant Roy C. Babb is entitled to the award which he seeks.
In the case of claimant J. J. Rader, however, a different situation is presented. It is shown by the evidence that for six days a week he traveled through the curve in the road in carrying United States mail in his pickup truck. He was bound under the circumstances to have known of the danger incident to travel through the curve on account of the narrow width of the road and the overhanging brush which obstructed vision at that point. He was chargeable with the exercise of ordinary care and prudence for his own safety. The evidence shows that he was traveling down grade as he approached the curve. The Babb child says he was traveling at from ten to fifteen miles an hour. Ernest Rotruck states that Mr. Rader’s speed was from fifteen to eighteen miles per hour. He must have known that two vehicles could not pass each other in the curve, yet the evidence does not show that he sounded his horn or gave any other indication that he was approaching a place of danger. Mr. Rader is chargeable with contributory negligence that will preclude an award in his favor.
• It may be observed at this point that claimant Rader did not appear in person to testify in support of his claim. He did not *322 appear in response to a summons served upon him to testify on behalf of claimant Roy C. Babb,
An order will be entered making an award in favor of claimant Roy C. Babb in the sum of two hundred and fifty-seven dollars ($257.00).
An order will be entered denying an award to claimant J. J. Rader and dismissing his claim.